IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAQUINTA WILSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-4454 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

## ORDER

Pending before the Court is Defendant Wal-Mart Stores Texas, LLC's ("Defendant") Motion to Dismiss (Doc. No. 7). Plaintiff Laquinta Wilson ("Plaintiff") responded in opposition and also moved for leave to amend her complaint in the same filing.[1] (Doc. No. 8). Having considered the briefs and arguments of counsel, the Court hereby **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion for Leave to Amend.

### I.   Factual Background

This case arises from a slip and fall that allegedly took place inside a Wal-Mart store. (Doc. No. 1-2). Plaintiff claims that she slipped and fell on a wet substance while shopping in the produce section. (*Id.*). Plaintiff initially filed this lawsuit in 133rd District Court of Harris County, alleging

---

[1] The parties are reminded that combining pleadings violates this Court's rules of practice. Plaintiff has improperly combined motions by including a Response in opposition to Defendant's Motion to Dismiss and a Motion for Leave to Amend within the same filing, which is expressly prohibited by this Court's rules. *See* Judge Hanen's Civil Procedures § 3E ("Counsel shall not combine two different and unrelated pleadings ... into the same electronically filed document.").

claims of (1) negligence, (2) gross negligence, (3) negligent undertaking, (4) respondeat superior, (5) negligence via *res ipsa loquitor*, and (6) premises liability. (*Id.*).

Defendant removed the case to this court (*See* Doc. No. 1) and filed this Motion to Dismiss under Rule 12(b)(6). (Doc. No. 7). In its Motion to Dismiss, Defendant maintains that Plaintiff has failed to state a claim upon which relief could be granted as to her negligence, gross negligence, negligent undertaking, respondeat superior, and *res ipsa loquitor* claims. Plaintiff responded in opposition and also moved for leave to amend her complaint in the same filing. (Doc. No. 8).

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for

relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

To determine whether to grant a Rule 12(b)(6) motion, a court may look only to allegations in a complaint to determine their sufficiency. *Santerre v. Agip Petroleum Co., Inc.*, 45 F.Supp.2d 558, 568 (S.D. Tex. 1999); *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2011 WL 1004880 (E.D. Tex. 2011). A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned. *See Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 633 (S.D. Tex. 1999); *Brock v. Baskin-Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000) (at motion to dismiss for failure to state a claim, a court may consider an indisputably authentic document that is attached as an exhibit, if plaintiff's claims are based on the document).

### III.   Analysis

Defendant maintains that Plaintiff has failed to state a claim upon which relief could be granted as to her negligence, gross negligence, negligent undertaking, respondeat superior, and *res ipsa loquitor* claims. (*See* Doc. No. 7). Specifically, Defendant contends that Plaintiff has failed to plead any facts that would state a claim entitling her to relief under a separate theory of liability distinct from her premises liability cause of action. (*Id.*). Thus, Defendant argues that all of Plaintiff's claims, except for her premises liability claim, must be dismissed.

In her Response in opposition, Plaintiff states that she "concedes the dismissal of her claims for negligence (except for premises liability), gross negligence, negligent undertaking, negligence via *res ipsa loquitor*, and respondeat superior, without prejudice." (Doc. No. 8 at 3). Plaintiff also

3

moved for leave to file an amended complaint within her Response in opposition but did not provide any substantive explanation for what she planned to amend, nor did she attach a proposed amended complaint.

Given that Plaintiff has conceded dismissal of her negligence, gross negligence, negligent undertaking, negligence via *res ipsa loquitor*, and respondeat superior claims and has failed to state the reasons for why or what she requests leave to amend in her complaint, this Court hereby **GRANTS** Defendant's Motion to Dismiss (Doc. No. 7) and **DENIES** Plaintiff's Motion for Leave to Amend (Doc. No. 8). Accordingly, all of Plaintiff's claims except for her premises liability cause of action are hereby dismissed without prejudice.

Signed at Houston, Texas, this 16th day of May, 2023.

Andrew S. Hanen
United States District Judge