United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAQUINTA WILSON, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-4454 |
| § | |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| *Defendant.* § | |

## ORDER

Pending before the Court is Defendant Wal-Mart Stores Texas, LLC's ("Defendant" or "Walmart") Motion for Summary Judgment. (Doc. No. 21). Plaintiff Laquinta Wilson ("Plaintiff" or "Wilson") responded. (Doc. No. 23). Plaintiff also filed a supplemental response. (Doc. No. 30). Defendant did not file a reply. For the following reasons, the Court denies Defendant's motion for summary judgment without prejudice. (Doc. No. 21).

This is a slip-and-fall case resulting from an accident that occurred on May 9, 2021, in the produce department of a Wal-Mart store. While shopping at the store, Plaintiff slipped and fell on a slippery piece of produce. She alleges that she sustained injuries as a result of this incident. Plaintiff's only remaining cause of action against Walmart is for premises liability under Texas Law. *See* (Doc. No. 15) (dismissing all of Plaintiff's causes of action except for her premises liability cause of action).

To survive summary judgment on her premises liability cause of action, plaintiff must raise a fact issue as to each of the following elements: (1) that Walmart had actual or constructive knowledge of some condition on the premises, (2) that the condition posed an unreasonable risk of harm; (3) that the condition was concealed (i.e. not "open and obvious"); (4) that Walmart failed

to exercise reasonable care to reduce or eliminate the risk; and (5) that the Walmart's failure to use such care proximately caused her injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (listing elements); *see also Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193 (Tex. 2015) (clarifying that the duty to make safe or warn applies to concealed dangers and not those that are open and obvious or known to the invitee).

In its motion, Walmart moved for summary judgment only on the second and third elements above—(2) that the condition did not pose an **unreasonable risk of harm** and (2) that the condition was **open and obvious**/Plaintiff knew or should have known of the danger. Walmart moved on these elements "without conceding liability as to the remaining elements." (Doc. No. 21 at 5). Notably, Walmart did not move for summary judgment on the first element—that Walmart had **constructive knowledge** of the condition.

In Plaintiff's response, Plaintiff did not address the second and third elements. She did not respond to Walmart's arguments that the condition did not pose an **unreasonable risk**, nor did she respond to Walmart's arguments that the condition was **open and obvious**. Seeing as she did not respond to these arguments, she failed cite to evidence raising a fact issue as to these issues (as is her burden). Rather, in both her response and supplemental response, Plaintiff argues almost entirely that Walmart had **constructive knowledge** of the condition—an element that Walmart did not move on and an argument that it did not raise.

To make matters more perplexing, in both her response and supplemental response, Plaintiff requested a continuance on Defendant's summary judgment until she had the opportunity to conduct further discovery (including taking the deposition of a potential witness and Walmart employee). Walmart did not file a reply brief and, therefore, did not provide this Court with any

indication that it is opposed to the requested continuance. *See* L.R.7.4 (failure to respond will be taken as a representation of "no opposition").

In short, both parties failed to respond to each other's arguments. Plaintiff failed to respond to the two arguments raised by Walmart and chose instead to respond to an argument that was never raised. Meanwhile, Walmart entirely failed to respond to Plaintiff's twice-made request for a continuance. Given both parties' apparent inability to respond to the other, the Court cannot in good faith rule on the pending motion for summary judgment, nor can it try this case as scheduled. As such, the Court hereby denies Walmart's motion for summary judgment (Doc. No. 21) without prejudice.

For the reasons above, the Court denies Defendant Walmart's motion for summary judgment without prejudice. (Doc. No. 21). Additionally, the Court grants Plaintiff's request for a continuance. (Doc. No. 30). The trial setting is hereby vacated. The parties shall have until August 31, 2024, to conduct any additional discovery that is needed. After this date, the Court hereby grants Walmart leave to file another motion for summary judgment, so long as it does so by September 15, 2024. Plaintiff shall have the opportunity to respond as directed by the Federal Rules of Civil Procedure. It is hereby ORDERED.

Signed at Houston, Texas, this 31st day of May, 2024.

Andrew S. Hanen
United States District Judge